Ye  v. Holder

BIA
Hom, IJ
A089 193 649
A089 193 650

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        JOSÉ A. CABRANES,
>        ROBERT D. SACK,
>            *Circuit Judges*.

_____

LUQIN YE, HUA SHI,
>        *Petitioners*,

>        v.                                    11-4528
>                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONERS:        Scott E. Bratton, Margaret Wong & Associates, Cleveland, Ohio.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Lindsay M. Murphy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Luqin Ye and Hua Shi, natives and citizens of the Peoples Republic of China, seek review of an October 6, 2011, decision of the BIA affirming the April 26, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom denying Ye's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Luqin Ye*, *Hua Shi*, Nos. A089 193 649/650 (B.I.A. Oct. 6, 2011), aff'g Nos. A089 193 649/650 (Immig. Ct. N.Y. City April 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Where an applicant for asylum, withholding of removal, or CAT relief has not alleged past persecution, she must demonstrate a well-founded fear of future persecution in order to be eligible for relief. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). An applicant may make this showing by demonstrating that she "would be singled out individually

2

for persecution." *Id.* "Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

In this case, Ye does not allege that she suffered any past persecution in China, and the agency reasonably concluded that Ye failed to establish a well-founded fear of future persecution in China. The agency's decision to give limited weight to Ye's evidence is entitled to particular deference, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), and, here, nothing in the record compels the conclusion that the agency erred in this respect, as much of the evidence was either unsworn or given by an interested witness not subject to cross-examination. *See In re H-L-H- & Z-Y-Z-*, 25 I.&N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from the alien's friends and family were insufficient to provide substantial support for the alien's claims because they were interested witnesses not subject to cross-examination) (citing *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160-61, 165 (2d Cir. 2008)), *overruled on other grounds*

3

by *Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Ye argues that the agency erred in requiring that the Neighborhood Committee notice be authenticated, and that the notice was supported by her father's letter and her father-in-law's affidavit. Although we do not require that a document be authenticated pursuant to 8 C.F.R. § 287.6 in order to be afforded significant weight, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005), Ye points to nothing in the record compelling the conclusion that the agency erred in affording the notice minimal weight. This is particularly true given that the only record support for the notice consisted of the letter from Ye's father and the affidavit of her father-in-law, each of which was properly assigned minimal weight by the agency.

Further, the agency reasonably concluded that the background materials did not support Ye's claim that she had a well-founded fear of persecution in China. The news article describing the arrest and imprisonment of Chinese citizens who distributed Bibles in China involved individuals who had distributed twenty thousand Bibles over the course of ten years as part of an underground church. Ye sent a single Bible to a neighbor. Further, although Ye submitted articles

4

and reports describing the mistreatment of Christians in China, none of these materials described the mistreatment of an individual who sent a single religious item to another individual, and, thus, do not describe the treatment of individuals similarly situated to Ye. Absent "solid support" in the record that her fear is objectively reasonable, Ye's claim that she fears future persecution is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Because nothing in the record compels the conclusion that Ye has a well-founded fear of future persecution in China, we find no basis for reversal of the agency's decision. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) ("Where, as here, an appeal turns on the sufficiency of the factual findings underlying the immigration court's determination that an alien has failed to satisfy his burden of proof, we will reverse the immigration court's ruling only if no reasonable fact-finder could have failed to find . . . past persecution or fear of future persecution." (internal quotation marks omitted)).

Because Ye failed to establish her eligibility for asylum, she necessarily was unable to meet the higher standard to establish her eligibility for withholding of removal and

CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Finally, because Ye offered no other evidence that she would likely be tortured in China, the agency did not err in denying her application for CAT relief as that claim was based on the same factual predicate as her asylum and withholding of removal claims.  *Id*. at 156-57.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk